P. ROBERT GREENE *vs.* JOHN S. DAMRELL.

Suffolk. November 17, 1899. — March 2, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Mandamus — Permit to make Alterations in a Building in Boston.*

Mandamus will not lie against the building commissioner of the city of Boston to correct an alleged error of the Court of Appeal, provided for by St. 1892, c. 419,
·   in withholding a permit to make alterations in the petitioner's building.

PETITION, filed May 2, 1899, for a writ of mandamus to issue to the respondent, as building· commissioner of the city of Boston, being the same officer as inspector of buildings, designated by St. 1892, c. 419, § 2, commanding him to grant a permit to the petitioner to make certain alterations in a building owned by him. Hearing before *Morton*, J., who dismissed the petition, and reported the case for the consideration of the full court. If the ruling was right, the order dismissing the petition was to be affirmed ; otherwise the case was to stand for hearing on the question whether certain plans filed therein conformed to law, or such other disposition was to be made as law and justice might require. The facts appear in the opinion.

*C. E. Washburn*, for the petitioner.

*S. M. Child*, for the respondent.

BARKER, J. The respondent, as building commissioner, is in ˙ charge of the department of the city government· of Boston ⸴ known as the building department. St. 1895, c. 449, § 24. His official powers and duties are defined in a series of statutes which regulate the construction, alteration, and inspection of buildings in the city. See Sts. 1892, c. 419 ; 1893, cc. 170, 293, 464 ; 1894, cc. 257, 443 ; 1895, cc. 97, 239, 280, 314 ; 1896, cc. 416, 520 ; 1897, cc. 175, 300, 310, 413 ; 1898, cc. 209, 228,

284, 308; 1899, cc. 161, 185. These statutes forbid the alteration of a building without a permit from the respondent. The petitioner has a building which he desires to alter. The respondent has refused a permit, and the court is asked to order him to issue one.

The statutes cited contain numerous and minute directions as to materials, plan, and construction, and also many provisions which leave the decision as to what shall be done to the judgment of the respondent. Anticipating that many instances would arise in which the commissioner would differ from parties interested as to the construction of the law, or as to what good judgment might require in matters left to the discretion of officials, the Legislature has provided, for the revision of the respondent's action in granting or refusing permits, a tribunal known as the board of appeal, consisting of three persons, each selected by a different body of citizens, with the approval of the mayor. St. 1892, c. 419, §§ 12–14. St. 1893, c. 464, § 1. St. 1894, c. 443, § 2. When refused a permit, the petitioner had a right to appeal to this tribunal, and he has exercised that right. Upon such an appeal there is a hearing, and after the hearing the board of appeal is required by the statutes cited to direct the commissioner either to issue the permit under such conditions as the board requires, or to withhold the permit. After an appeal resulting in a direction to withhold the permit the commissioner has no power to grant it. Such was the result in the case of the petitioner's appeal. If we should now order him to grant the permit, we should compel him to grant what the statute makes it his duty to withhold. The statute has no provision for revising the action of the board of appeal. As the matter stands, if the permit is now withheld because of error, that error is the error of the board of appeal. Whether, under general provisions of law for the correction of errors of inferior tribunals, this court can correct the errors of the board of appeal, or whether it was the intention of the Legislature that the decisions of the board should be final, we do not now consider. Its decisions cannot be revised upon this petition. The question of procedure is decisive of this case, and therefore we cannot consider whether the board of appeal transcended its powers in its order to the respondent.

*Writ denied with costs of the petition.*